IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSINA JONES,

    Plaintiff,                       Case No. 2:12-cv-1682 JAM DAD PS

    v.

UNIVERSAL HEALTH CARE        ORDER
SERVICES INC., et al.,

    Defendants.
_____/

        Plaintiff, Rosina Jones, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma

pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint does not contain a plain statement of the grounds upon which the court's jurisdiction depends. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
2  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter
3  jurisdiction . . . and may be dismissed sua sponte before service of process.").

4        The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which
5  confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also
6  be conferred by federal statutes regulating specific subject matter.  District courts have "original
7  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United
8  States."  28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal
9  law creates a cause of action.  A case may also arise under federal law where 'it appears that
10 some substantial, disputed question of federal law is a necessary element of one of the well-
11 pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise
12 Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The
13 "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal
14 question is presented on the face of the plaintiff's properly pleaded complaint.  California v.
15 United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

16       "'Arising under' federal jurisdiction only arises . . . when the federal law does
17 more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l
18 Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere
19 presence of a federal issue does not automatically confer federal-question jurisdiction, and
20 passing references to federal statutes do not create a substantial federal question.  Lippitt v.
21 Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion
22 Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and
23 independent theories – one of which is a state law theory and one of which is a federal law theory
24 – federal question jurisdiction does not attach because federal law is not a necessary element of
25 the claim."  Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.  Here, plaintiff's
26 /////

complaint does not contain any statement of the grounds upon which this court's jurisdiction depends.

Plaintiff's complaint also fails to contain a plain statement of her claim showing that she is entitled to relief. In this regard, the complaint merely alleges that plaintiff worked for Universal Health Services, Inc., and Kingwood Pines Hospital for eleven years and was fired on February 3, 2011, without any further explanation of the nature or basis of her claim. (Compl. (Doc. No. 1) at 1.[2]) In her complaint plaintiff does allege that her termination implies that she is of bad character, which is harmful to her professional reputation, and that the fact that she was terminated was relayed by defendants to several prospective employers. (Id.) The complaint also alleges that on June 24, 2011, plaintiff learned that she was denied unemployment benefits because Kingwood Pines Hospital claimed that she had been fired for falsifying a patient's medical record. (Id. at 2.) Finally, the complaint alleges that three weeks prior to her termination plaintiff complained to, and about, Ann Turner after which Turner became hostile to plaintiff and ordered plaintiff to leave the building. (Id.)

Absent from plaintiff's complaint, however, is any reference to a particular claim or a discussion of the elements underlying that claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

5

claims. Jones, 733 F.2d at 649. Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Finally, plaintiff is advised that it appears from the allegations found in her complaint it appears that this court may not be the appropriate venue for plaintiff's action. In this regard, the allegations found in plaintiff's complaint concern events that occurred while she was employed by Universal Health Services, Inc., and Kingwood Pines Hospital. The complaint, however, alleges that these defendants are located in Florida and Texas. (Compl. (Doc. No. 1) at 1.) Venue is generally proper where the defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

Accordingly, plaintiff's complaint will be dismissed for failure to state a claim. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

1    Here, the court cannot say that it appears beyond doubt that leave to amend would
2 be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to
3 file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an
4 amended complaint "the tenet that a court must accept as true all of the allegations contained in a
5 complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of
6 action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.
7 "While legal conclusions can provide the complaint's framework, they must be supported by
8 factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line
9 from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

10    Plaintiff is also reminded that the court cannot refer to a prior pleading in order to
11 make an amended complaint complete.  Local Rule 220 requires that any amended complaint be
12 complete in itself without reference to prior pleadings.  The amended complaint will supersede
13 the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended
14 complaint, just as if it were the initial complaint filed in the case, each defendant must be listed
15 in the caption and identified in the body of the complaint, and each claim and the involvement of
16 each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise
17 but complete factual allegations describing the conduct and events which underlie plaintiff's
18 claims.

19    Accordingly, IT IS HEREBY ORDERED that:

20    1. Plaintiff's June 22, 2012, application to proceed in forma pauperis (Doc. No.
21 2) is denied without prejudice.[3]

22    2. The complaint filed June 22, 2012 (Doc. No. 1) is dismissed with leave to
23 amend.
24 /////

---

[3] If plaintiff elects to file an amended complaint, she may submit a new application to proceed in forma pauperis or pay the required filing fee.

1          3. Within twenty-eight days from the date of this order, an amended complaint

2 shall be filed that cures the defects noted in this order and complies with the Federal Rules of

3 Civil Procedure and the Local Rules of Practice.[4] The amended complaint must bear the case

4 number assigned to this action and must be titled "Amended Complaint."

5          4. Failure to comply with this order in a timely manner may result in a

6 recommendation that this action be dismissed.

7 DATED: October 28, 2012.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14 DAD:6
Ddad1\orders.pro se\jones1682.ifp.den.ord

---

26 [4] Alternatively plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.